Eastern District of Kentucky
**TENDERED**
Date 12-18-06
LESLIE G. WHITMER
CLERK, U. S. DISTRICT COURT

Eastern District of Kentucky
**FILED**
APR 0 9 2007
AT LONDON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON

**CRIMINAL ACTION NO. 06-118-DCR**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

V.                          **PLEA AGREEMENT**

**CHARLES MICHAEL ROCHON**                                    **DEFENDANT**

*  *  *  *  *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 5, 7, and 8 of the Indictment, charging violations of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4)(B).   Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1, 2, 3, 4, and 6 of the Indictment.

2.    The essential elements are Counts 5 and 7 are:

   (a)    **FIRST**, the Defendant knowingly received or distributed a visual depiction in interstate commerce by any means, including by computer;

   (b)    **SECOND**, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

   (c)    **THIRD**, that such visual depiction was of a minor engaged in sexually explicit conduct;

   (d)    **FOURTH**, the Defendant knew that such visual depiction was of sexually explicit conduct; and

   (e)    **FIFTH**, the Defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

22

The essential element of Count 8 are:

(a)   **FIRST**, that the Defendant knowingly possessed one or more matters, that is, electronic storage media, which contained visual depictions of minors engaged in sexually explicit conduct;

(b)   **SECOND**, that the Defendant knew the visual depictions contained on the electronic storage media showed minors engaged in sexually explicit conduct;

(c)   **THIRD**, that the Defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

(d)   **FOURTH**, that the visual depictions had been either:

a)  mailed, shipped or transported in interstate or foreign commerce, by any means, including computer, or

b) were produced using material that had been mailed, shipped or transported in interstate or foreign commerce,  by any means, including computer.

3. As to Counts 5, 7, and 8, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

From on or about December 8, 2005 and continuing through on or about April 29, in Bell County, Kentucky, the Defendant knowingly distributed videos and/or images of minors engaged in sexually explicit conduct.  The Defendant distributed these videos and images of children engaged in sexually explicit conduct through electronic mail, or by posting links to the images and/or video on websites.

The Defendant distributed multiple videos containing child pornography on the website www.namgla.net.  This website was created for the purpose of trading videos and images of children engaged in sexually explicit conduct.  In order to have access to this website, members were required to post links to videos and images of child pornography.  The videos posted by the Defendant contained prepubescent children engaged in various sexual acts with adult men.  At the time

the Defendant distributed these videos and images, the Defendant knew that they contained images of minors engaged in sexually explicit conduct.

On or about April 29, 2006, in Bell County, Kentucky the Defendant also possessed in excess of 400 videos containing child pornography and in excess of 1000 images depicting minors engaged in sexually explicit conduct on his computer.  The Defendant was aware that the images and videos contained on his computer showed minors engaged in sexually explicit conduct.

The Defendant admits that the sexually explicit images of children that he possessed traveled in interstate commerce via the internet.  The Defendant also admits that the images traveled in interstate commerce when they were distributed by him through electronic mail or by posting on the internet.  Finally, the Defendant admits that he used a computer manufactured outside the state of Kentucky to receive, distribute, and possess sexually explicit images of children.  The United States has no current evidence that the defendant produced or manufactured any of the images and/or videos that were possessed, received, or distributed on his computer.

4.  The statutory punishment for Counts 5 and 7 is imprisonment for not less than 5 years and not more than 20 years, a fine of not more than $250,000, and a term of supervised release for any term of years or life.  If the Defendant has a prior qualifying offense, the statutory punishment for Counts 5 and 7 is imprisonment for not less than 15 years and not more than 40 years, a fine of not more than $250,000, and a term of supervised release for any term of years or life.  The maximum statutory punishment for Count 8 is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release for any term of years or life.  If the Defendant has a prior qualifying offense, the statutory punishment for Count 8 is imprisonment for not less than 10 years and not more than 20 years, a fine of not more than $250,000, and a term of supervised release for any term of years or life.  A mandatory special assessment of $300

applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the

time of the entry of the plea.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend

the following sentencing guidelines calculations, and they may object to or argue in favor

of other calculations.  This recommendation does not bind the Court.

(a)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits
another crime, obstructs justice, or violates a court order, decrease the offense
level by 2 levels for the Defendant's acceptance of responsibility.  If the offense
level determined prior to this 2-level decrease is level 16 or greater, the United
States will move at sentencing to decrease the offense level by 1 additional level
based on the Defendant's timely notice of intent to plead guilty.

6.  No agreement exists about the Defendant's criminal history category pursuant

to U.S.S.G. Chapter 4.

7.  The Defendant will not file a motion for a decrease in the offense level based

on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to

U.S.S.G. Chapter 5, Parts H or K.

8.  The Defendant waives the right to appeal and the right to attack collaterally the

guilty plea and conviction.  The Defendant also waives the right to appeal and the right to

attack collaterally any sentence, including any order of restitution, that does not exceed

180 months of imprisonment.

9. This Agreement does not preclude the United States from prosecuting the

Defendant if it is subsequently determined that the Defendant produced or manufactured

any sexually explicit images of children, including those received, distributed, and possessed by the Defendant in this case.

10. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

Date: 12-18-06          By: _____

Erin J. May
Assistant United States Attorney


Date: 12-15-06          _____

Charles Michael Rochon
Defendant

_____

Brandon Storm
Attorney for Defendant


**APPROVED**, this ___9th___ day of ___April___, 200_7_.

_____

UNITED STATES DISTRICT JUDGE

Page 6 of 6